Filed 11/23/22  P. v. Molina CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO MOLINA,<br><br>Defendant and Appellant. | B318319<br><br>(Los Angeles County Super. Ct. No. BA301665) |

APPEAL from an order of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mario Molina appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2] His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking us to independently review the appeal.[3] We affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] Some Courts of Appeal have found *Wende* review inapplicable to appeals from orders denying postconviction relief. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 274.) *Cole*, at pages 1039 to 1040, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in it and issue a written opinion disposing of the trial court's order on the merits. Molina has filed no supplemental brief. Nonetheless, in the abundance of caution, and because our Supreme Court is currently considering what procedures appointed counsel and Courts of Appeal should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.]), review granted Feb. 17, 2021, S266305), we exercise our discretion to independently review the record for potentially arguable issues.

In 2007, an information charged Molina with two counts of first degree murder (§ 187, subd. (a)) for the 2003 murders of Eric Amaya (count 1) and Ileana Lara (count 2). Several murder and street-gang special circumstances were alleged as to each count (§ 190.2, subds. (a)(3) & (22)), as well as firearm use and special gang enhancements (§§ 186.22, subd. (b)(1)(A); 12022.53, subds. (b) & (e)). A prior robbery conviction was alleged pursuant to the Three Strikes Law. (§§ 667, subds. (b)–(i); 1170.12, subds. (a)– (d).)

In 2008, a jury found Molina guilty of both counts of first degree murder (§ 187, subd. (a); counts 1 & 2) and made true findings on the firearm use and street gang enhancement allegations. It also found the multiple murder special circumstance allegation true, but the gang-based special circumstance allegation untrue. The evidence at trial showed that Molina and a gang associate shot and killed Amaya and Lara for the benefit of a criminal street gang. The prosecution's evidence included statements that Molina made to law enforcement, admitting, among other things, that he spoke directly to a gang leader prior to the shootings and accepted a directive to kill Amaya and Lara with his gang associate. Molina stated that he initially had the murder weapon but that his associate grabbed it and insisted on carrying out the shooting.

The trial court imposed a sentence of life without the possibility of parole, plus 25 years-to-life for firearm use, on count 1, run consecutively to a sentence of 25 years-to-life, plus 25 years-to-life for firearm use, on count 2. This court affirmed the judgment in 2009, with the exception of striking a parole revocation fine from the abstract of judgment. (*People v. Molina*

3

(Dec. 21, 2009, B207493) [nonpub. opn.].)  Molina did not
challenge the sufficiency of the trial evidence on appeal.

In 2019, Molina petitioned for resentencing under section
1172.6.  The trial court appointed counsel to represent Molina.
The prosecution opposed the petition, arguing, among other
things, that Molina's jury was not instructed on felony murder or
the natural and probable consequences doctrine.  With the
opposition, the prosecution submitted several exhibits including
this court's 2009 opinion and the jury instructions from Molina's
trial.  The jury instructions reflected that the multiple murder
special circumstance required proof of intent to kill, and that the
jury was not instructed as to felony murder or natural and
probable consequences theories of culpability.  The parties
submitted on the briefs, with Molina's counsel stating that he
had thoroughly researched available legal arguments and
determined there were "no reasonably arguable issues to present
in response to the prosecutor's Opposition."  In January 2022, the
trial court denied the petition, reasoning that Molina "clearly
acted with the intent to kill as either one of the murderers or an
actor, aider, or abetter."

This appeal followed.  Court-appointed appellate counsel
filed an opening brief that raised no issues and asked this court
to independently review the record under *Wende*, *supra*, 25
Cal.3d 436.[4]  This court notified Molina that his attorney had
failed to find any arguable issues and that he could submit by

---

[4]     Counsel's motion included a request for judicial notice of
the records and files of Molina's original appeal.  We
subsequently granted that request.

4

brief or letter any arguments he wished this court to consider. We have not received any such submission.[5]

We have examined the record and are satisfied no arguable issues exist and Molina's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra,* 25 Cal.3d at pp. 441–442.) The absence of felony murder and natural and probable consequences instructions leaves no doubt that Molina's convictions were not predicated on such theories. (See, e.g., *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 & fn. 4 [summary denial appropriate in absence of jury instructions on felony murder or natural and probable consequences doctrine].) Moreover, the jury's verdict under these circumstances indicates it must have found Molina had the intent to kill. Molina is therefore ineligible for section 1172.6 relief, as the trial court correctly found.

---

[5] Molina submitted a letter requesting new appointed counsel, alleging counsel was not competent to handle his case. The letter did not elaborate as to the reasons for counsel's alleged incompetence or as to any further arguments that Molina sought to present. We denied Molina's request for new counsel because Molina failed to show that appellate counsel had provided inadequate representation.

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


RICHARDSON (ANNE K.), J.*


We concur:


EDMON, P.J.


LAVIN, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.